

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| **CLYDE J. PETERSON** | **CIVIL ACTION NO. 1:10-cv-00770** |
| -vs- | **JUDGE DRELL** |
| **TOWN OF BOYCE et al.** | **MAGISTRATE JUDGE KIRK** |

### R U L I N G

Pending before the Court is a Motion to Dimsiss (Doc. 5) filed by the Defendants, the Town of Boyce ("Town") and Roderick Sices ("Officer Sices") (collectively, "Defendants"). The motion seeks dismissal of the Plaintiff's punitive damages claims against the Town, and against Officer Sices in his official capacity. To this point, no opposition has been filed by the Plaintiff. For the reasons below, the Town's motion will be **GRANTED**. Disposition will follow by a separate judgment.

I.  **Background**

This civil rights lawsuit was originally filed by the Plaintiff, Clyde J. Peterson ("Mr. Peterson"), in the Ninth Judicial District Court for the Parish of Rapides. On May 10, 2010, the lawsuit was removed to this Court, as the Petition (Doc. 1-1) contains claims under both state law and 42 U.S.C. § 1983. (Doc. 1).

Mr. Peterson is a longtime resident of Boyce, Louisiana. According to the Petition, on September 4, 2009, Mr. Peterson was pulled over by Officer Sices of the Boyce Police Department for running a stop sign. Once stopped, Mr. Peterson exited his vehicle and asked Officer Sices why he had been pulled over. Officer Sices

informed him that he had run a stop sign, which Mr. Peterson disputed. Mr. Peterson provided his driver's license and proof of insurance, and Officer Sices wrote a traffic citation and asked Mr. Peterson to sign it. However, Mr. Peterson stated that he did not wish to sign the citation because he did not have his reading glasses and could not see what he was signing.

At this point, Mr. Peterson claims that Officer Sices told him that if he did not sign the citation, he would be taken to jail. Nonetheless, he refused to sign the citation. Therefore, Mr. Peterson claims that Officer Sices placed him under arrest.[1] Mr. Peterson's wife arrived shortly thereafter and read the citation to him. Although Mr. Peterson claims that he agreed to sign the citation at that time, Officer Sices refused to release him from custody. Ultimately, Mr. Peterson was taken to the Rapides Parish Jail, and was purportedly kept handcuffed for more than one and one-half hours.

In his Petition (Doc. 1-1), Mr. Peterson named both the Town and Officer Sices as Defendants. It is unclear whether Officer Sices was sued in his personal or official capacity. Likewise, Mr. Peterson averred that he is "entitled to punitive damages," but failed to specify which Defendant he sought to hold liable for any punitive damages awarded. (Doc. 1-1, p. 4). Subsequently, the Defendants filed a Motion to Dismiss (Doc. 5), arguing that punitive damages are not recoverable against municipalities, or against municipal employees sued in their official capacities. After careful consideration, the Court agrees with the Defendants.

---

[1] Officer Sices allegedly injured Mr. Peterson by improperly failing to double lock the handcuffs, which caused bruises to Mr. Peterson's wrists and numbness to his right thumb.

II. **Law and Analysis**

　A. **Motion to Dismiss**

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a court to dismiss an action for "failure to state a claim upon which relief can be granted." In evaluating a Rule 12(b)(6) motion, the court must accept as true the well-pleaded facts in the plaintiff's complaint, and must construe the facts in a light most favorable to the plaintiff. Arias-Benn v. State Farm Fire & Cas. Ins. Co., 495 F.3d 228, 230 (5th Cir. 2007). However, the Court need not "'accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions.'" Id. (quoting Plotkin v. IP Axess Inc., 407 F.3d 690, 696 (5th Cir. 2005)). To survive a Rule 12(b)(6) motion, the plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

　B. **Punitive Damages Against the Town**

To repeat, the Petition does not clarify whether Mr. Peterson seeks punitive damages against the Town. Because Mr. Peterson's Petition states a general claim for punitive damages, we will assume that the claim applies to both Defendants.

As a general principle, punitive damages may be awarded in civil rights lawsuits under certain circumstances. See Williams v. Kaufman County, 352 F.3d 994, 1015-16 (5th Cir. 2003). However, it is well-settled that "a municipality is immune from punitive damages under 42 U.S.C. § 1983." City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 271 (1981); accord Webster v. City of Houston, 689 F.2d

1220, 1229 (5th Cir. 1982) ("[W]hile a municipality may be subject to compensatory damages for violation of constitutional rights, it does not have to shoulder the burden of punitive damages."). Therefore, to the extent that Mr. Peterson's punitive damages claim applies to the Town – a municipal entity immune from liability for punitive damages – that claim must be dismissed.

### C.    Punitive Damages Against Officer Sices in His Official Capacity

Likewise, Mr. Peterson does not specify that he has sued Officer Sices in his official capacity. Nonetheless, we note that a lawsuit against a municipal employee in his official capacity "is a suit against the official's office," and is therefore tantamount to a suit against the municipality itself. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989); see also Kentucky v. Graham, 473 U.S. 159, 166 (1985) ("As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity."). Accordingly, "punitive damages . . . are typically unavailable in official capacity suits." Sanders-Burns v. City Of Plano, 594 F.3d 366, 379 (5th Cir. 2010); accord Marie v. City of New Iberia, No. 09-1928, 2010 WL 1930596, at *2 (W.D. La. Apr. 16, 2010) ("As a suit against a municipal officer in his official capacity is a suit against his office, it follows that punitive damages are not available against the officer sued in his official capacity."). Therefore, Mr. Peterson may not recover punitive damages against Officer Sices in his official capacity.

### III.   Conclusion

For the foregoing reasons, the Defendants' Motion to Dismiss (Doc. 5) will be

GRANTED, and Mr. Peterson's punitive damages claims against the Town, and against Officer Sices in his official capacity, will be DISMISSED WITH PREJUDICE.

SIGNED on this 24th day of August, 2010 at Alexandria, Louisiana.

DEE D. DRELL
UNITED STATES DISTRICT JUDGE